**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM CARPENTER,

     Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; DR. F. WARREN
BENTON, Director DOC (1976);
GARY MAYNARD, Director DOC
(1987),

     Defendants-Appellees.

No. 97-6269
(W. District of Oklahoma)
(D.C. No. CIV-96-1447)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a);

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

10th Cir. R. 34.1.9. This court therefore honors the parties' requests and orders the cause submitted without oral argument.

William Carpenter, appearing *pro se* and *in forma pauperis*, appeals the district court's grant of summary judgment in favor of numerous individual employees of the Oklahoma Department of Corrections. Carpenter brought this civil rights suit pursuant to 42 U.S.C. § 1983, claiming that he is entitled to damages because the defendants violated his constitutional rights by forcing him to serve an "excessive" period of incarceration. The district court concluded that Carpenter's suit was barred by the two-year statute of limitations and that neither the discovery rule nor the Oklahoma doctrine of fraudulent concealment served to toll the statute of limitations because Carpenter was aware of all of the "facts" necessary to bring this suit when his sentence expired in 1989. The district court concluded that Carpenter's ignorance of the legal basis, as opposed to the factual predicates, underlying his claim could not serve to toll the running of the limitations period. *See United States v. Kubrick*, 444 U.S. 111, 119-122 (1979) *Gatewood v. Railroad Retirement Bd.*, 88 F.3d 886, 890 (10th Cir. 1996).

Upon *de novo* review of the magistrate's Report and Recommendation, the district court Order, the parties' briefs and contentions, and the entire record on appeal, this court affirms for substantially the reasons set forth in the Magistrate's Report and Recommendation dated May 30, 1997, and the district court Order

dated July 17, 1997. We further hold that this appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(b)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge